# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN S. BITKER, an individual, and KAREN S. BITKER, SUCCESSOR TRUSTEE OF HTE M.K. BITKERLIVING TRUST DATED AUGUST 9, 1995,<br><br>Plaintiffs,<br>vs.<br><br>SUNTRUST MORTGAGE, INC., U.S. NATIONAL BANK ASSOCIATION, AS TRUSTEE OF BAFC 2006-5, THE WOLF FIRM, AND DOES 1-1000, INCLUSIVE<br><br>Defendants. | CASE NO. 13cv656-CAB (WMC)<br><br>ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER<br>[Doc. No. 4] |

Presently before the Court is Plaintiffs' Ex Parte Application for a Temporary Restraining Order and Request for Order to Show Cause re: Preliminary Injunction. [Doc. No. 4.] Plaintiffs request that the Court enjoin Defendants from foreclosing upon and selling Ms. Bitker's home, located at 2018 Valley Road, Oceanside, CA 92056 (the "subject property"), currently scheduled to be sold on April 2, 2013. For the reasons stated herein the Court **GRANTS** the motion.

## I. BACKGROUND

On March 4, 2013, Plaintiffs filed a complaint in San Diego Superior Court agasint Defendants for violations of Cal. Civ. Code §§ 2923.6, 2924, Breach of

1  Contract, RESPA Violations, Unfair Debt Collections Practices, Violations of Cal. Bus.
2  & Prof. Code § 17200, and a demand for an Accounting. Plaintiff alleges that she had
3  a change in her financial situation due to the economic downturn, underwent a series
4  of failed loan modification attempts and eventually defaulted on her home loan due to
5  Defendants' alleged wrongful conduct.

6  Defendants removed the matter to this Court on March 20, 2013 on the grounds
7  of federal question. On March 27, 2013, Plaintiffs filed the instant ex parte application
8  for a Temporary Restraining Order ("TRO") to prevent or postpone the trustee's sale
9  of the subject property, currently scheduled for April 2, 2013. Defendants oppose the
10 motion. [Doc. No. 8.]

11 **II.     LEGAL STANDARD**

12 The standard for issuing a TRO is similar to the standard for issuing a
13 preliminary injunction and requires that the party seeking relief show either "(1) a
14 combination of likelihood of success on the merits and the possibility of irreparable
15 harm, or (2) that serious questions going to the merits are raised and the balance of
16 hardships tips sharply in favor of the moving party." *Homeowners Against the Unfair*
17 *Initiative v. Cal. Building Industry Ass'n.*, 2006 WL 5003362, *2 (S.D. Cal. Jan. 26,
18 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v.*
19 *INS*, 306 F.3d 842, 873 (9th Cir. 2002)). "These two formulations represent two points
20 on a sliding scale in which the required degree of irreparable harm increases as the
21 probability of success decreases." *Id.* (citations omitted). The underlying purpose of
22 a TRO is to preserve the status quo and prevent irreparable harm before a preliminary
23 injunction hearing may be held. *Granny Goose Foods Inc. v. Bhd. of Teamsters & Auto*
24 *Truck Drivers*, 415 U.S. at 423, 439 (1974).

25 Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO
26 without notice to the adverse party in limited circumstances where "specific facts in an
27 affidavit or a verified complaint clearly show that immediate and irreparable injury,
28 loss, or damage will result to the movant. . . ." Fed. R. Civ. P. 65(b)(1)(A). The

movant must also certify in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(B). Although the restrictions imposed are stringent, they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438-39 (1974).

### III. DISCUSSION

#### A. Imminent Irreparable Injury

The threat to Plaintiff's home is imminent, and such a loss constitutes irreparable harm to her. "[L]osing one's home through foreclosure is an irreparable injury." *Wrobel v. S.L. Pope & Assoc., et al.,* 2007 WL 2345036, at * 1 (S.D. Cal. August 15, 2007). "Real property and especially a home is unique" and "[i]rreparable injury is suffered when one is wrongfully ejected from his home." *Johnson v. U.S. Dept. of Agriculture*, 734 F.2d 774, 789 (11th Cir. 1984); *see also Sundance Land v. Community First Fed'l Sav. & Loan*, 840 F.2d 653, 661 (9th Cir. 1988) (the threat of losing one's home through foreclosure may constitute a threat of irreparable injury). The Court finds that the sale of Plaintiff's home meets the irreparable injury requirement here.

#### B. Reasonable chance of success on the merits

The Court finds on a preliminary assessment, assuming Plaintiffs' allegations to be true, that the Plaintiffs have a reasonable chance of success on the merits on their claims, particularly as they relate to Defendants' conduct during the loan modification proceedings. *See* Cal. Civ. Code § 2923.6. Indeed Plaintiff has provided documentation that there has been a material change in her financial circumstances since the date of the borrower's previous application, and such change has been documented and submitted to the mortgage services. *See* Exs. A at 12, H. Despite such notification, however, Defendants intend to proceed with the trustee sale, and Plaintiffs allege that Defendants have not pursued further loan modification efforts, in violation of California law. In light of the chance of success of the merits as to the Civ. Code

§ 2923.6 claim, the Court finds postponement of the foreclosure sale appropriate here.

### C.  Balance of hardships in Plaintiffs's favor

Defendants have not presented the Court with any compelling reasons why the trustee sale should not be postponed pending a finding on the merits of Plaintiffs' claims.  The Court thus finds that the irreparable harm to Plaintiff of losing her home before she can be heard on the merits of her claims outweighs any harm to Defendants that may result from the delay.

### D.  Security Bond

This Court has broad discretion as to the amount of the security bond, including the discretion to waive or limit the amount where no hardship against defendant is apparent, or where plaintiff's case involves the enforcement of a public interest.  *See Jorgensen v. Cassidy*, 320 F.3d 906, 919 (9th Cir. 2003).  Here, both situations exist.  There is no realistic harm to Defendants from a temporary restraint of the foreclosure proceedings, since their interests are secured by the Deed of Trust.  If the Defendants ultimately prevail in this litigation, Defendants may proceed with the sale of the Property.  The Court finds no bond is required at this time.

### III.  CONCLUSION

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Ex Parte Application for a Temporary Restraining Order [Doc. No. 4] is **GRANTED**.  Defendants and their officers, agents, employees, representatives and attorneys are ordered to refrain from foreclosing upon and selling the subject property until the Court can hold a hearing on whether a Preliminary Injunction should issue;
2. The Court will conduct a hearing as to whether a Preliminary Injunction should issue on **April 18, 2013** at **10:00 a.m** in Courtroom 4C before Hon. Cathy Ann Bencivengo;

/

/

3. The parties may file additional briefing setting forth their respective positions on the preliminary injunction, **not to exceed ten pages in length**, on or before **April 11, 2013**

DATED: March 29, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge