**AKERMAN SENTERFITT LLP**
BRYAN M. LEIFER (SBN 265837)
Email: bryan.leifer@akerman.com
KATALINA BAUMANN (SBN 278606)
Email: katalina.baumann@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
SUNTRUST MORTGAGE, INC. and
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE OF BAFC 2006-5

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN S. BITKER, an individual, and KAREN S. BITKER, SUCCESSOR TRUSTEE OF THE M.K. BITKER LIVING TRUSTED DATED AUGUST 9, 1995,<br><br>Plaintiff,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC., a business entity form unknown, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF BAFC 2006-5, a business entity form unknown, THE WOLF FIRM, a business entity form unknown, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:13-cv-00656-CAB-WMC<br>Honorable Cathy Ann Bencivengo<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEFING IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Information:<br>Date:  September 20, 2013<br>Time:  2:30<br>Ctrm:  4C<br><br>Document filed concurrently herewith:<br>  1. Declaration of Bryan M. Leifer<br>  2. Declaration of SunTrust<br><br>Complaint Filed:  March 4, 2013<br>Removed on:  March 20, 2013 |

Defendants SunTrust Mortgage, Inc. (**SunTrust**) and U.S. Bank National Association, as Trustee of BAFC 2006-5 (**U.S. Bank**) (collectively, **defendants**) submit their supplemental brief in opposition to the application for preliminary injunction (**Application or App.**) filed by plaintiffs Karen S. Bitker and Karen S. Biker, Successor Trustee of the M.K. Bitker Living Trusted [sic] Dated August 9,

1995[1] (**plaintiffs**) incorporating their previously filed opposition to plaintiffs' application for a temporary restraining order on March 28, 2013 (Dkt. No. 8).

## I. INTRODUCTION

Plaintiffs seek to enjoin a foreclosure sale after failing to make mortgage payments due in January 2012. But there is no basis for injunctive relief because this request is moot for several reasons. *First*, the trustee's sale of the property has been cancelled and there is no longer a pending foreclosure sale to enjoin. (Declaration of Bryan M. Leifer (hereinafter **Leifer Decl**.), ¶ 23, Ex. M.) *Second*, SunTrust agreed to review Ms. Bitker's fourth loan modification application which was recently denied due to Ms. Bitker's refusal to provide evidence of acceptable title as part of her loss mitigation revision package within the time allowed under the statute.

In 2006, plaintiff Karen S. Bitker, a retired real estate broker and investor (Leifer Decl. ¶ 4, Ex. A), obtained a refinance loan in the amount of **$626,500.00** from SunTrust for the purpose of **cashing out $494,134.36**. (Leifer Decl., ¶ 5, Ex. B.) Even though Ms. Bitker received the benefit of her half-million dollar cash-out in 2006, she now claims her savings have been depleted due to the economic downturn and her overwhelming "dental bills" among other things. Ms. Bitker admits she defaulted on her loan obligation in January 2012 and has not made a payment since. She alleges defendants violated California's Home Owner's Bill of Rights (**HBOR**) even though she was reviewed for a loan modification and denied three times since September 2011 (Compl., ¶¶ 48-64, Dkt. No. 4 ¶¶ 7-19). Ms. Bitker's claim is premised on SunTrust's alleged refusal to review her loan modification package for the **fourth time**. This time she claims she demonstrated a "material change" in her financial circumstances. (App. at 13.) In light of the Court's March 29, 2013 order granting plaintiffs' application for

---

[1] Plaintiff "Karen S. Bitker, Successor Trustee of the M.K. Bitker Living Trusted [sic] Dated August 9, 1995" has no standing to bring this suit because the grant deed which purportedly transferred the beneficial interest in the property was not authorized by the lender, SunTrust Mortgage, Inc. (RJN Ex. 2.)

1 temporary restraining order (**TRO**) defendants agreed to conduct **a fourth loan modification review**. (Leifer Decl. ¶¶ 8-9.) The parties stipulated to continue the hearings on the preliminary injunction and motion to dismiss in order to allow SunTrust to meaningfully conduct the fourth review of Ms. Bitker's loan modification application. *Id*.

During this fourth loan modification review, Ms. Bitker's counsel provided documents to counsel for defendants in April and May, but some of these documents were incomplete. SunTrust's title search also revealed that Ms. Bitker no longer holds legal title to the property. Ms. Bitker refused to provide evidence of acceptable title as part of her loss mitigation revision package. Based on Ms. Bitker's refusal, her loan modification application was denied.

Because plaintiffs' complaint fails to set forth any viable claims for relief and due to SunTrust's most recent denial of Ms. Bitker's loan modification package, plaintiffs' application for a preliminary injunction must be denied. Plaintiffs cannot establish a likelihood of success on the merits nor are they able to show irreparable harm.

## II. LEGAL STANDARD

Plaintiffs have not made the requisite showing entitling them to the extraordinary relief of a preliminary injunction. A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The Ninth Circuit has recently ruled that "the 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test. That is, 'serious questions going to the merits' and a balance of the hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, as long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."

1  *Alliance for the Wild Rockies v. Cottrell*, 623 F.3d 1127, 1135 (9th Cir. 2011).
2  Plaintiffs must still meet the other *Winter* factors. *Id*.

3  **III. RELEVANT FACTS**

4  On March 29, 2013, the Court granted plaintiffs' application for a temporary
5  restraining order (**TRO**). (Leifer Decl. ¶ 7.)  After March 29, 2013, SunTrust agreed
6  to conduct a fourth loan modification review and the parties stipulated to continue the
7  hearings on the preliminary injunction and motion to dismiss. (Leifer Decl. ¶ 8.)
8  Counsel for defendants provided counsel for plaintiffs a list of documents required to
9  submit a complete package for a loan modification review. (Leifer Decl. ¶ 9.) On May
10 3, 2013, counsel for SunTrust informed plaintiffs' counsel's office that the documents
11 received are incomplete and provided another list with the required documents. (Leifer
12 Decl. ¶ 10, Ex. D.)  On May 20, 2013, counsel for SunTrust informed plaintiffs'
13 counsel's office that SunTrust has still not received a complete loan modification
14 packet and listed all the outstanding required documents. (Leifer Decl. ¶ 11, Ex. E.)
15 On May 28, 2013, counsel for SunTrust informed plaintiffs' counsel's office that page 5
16 was missing from the April bank statement submitted by plaintiffs. (Leifer Decl. ¶ 12,
17 Ex. F.)  He also requested for plaintiffs to resubmit the April bank statement in its
18 entirety immediately. *Id*. After the receipt of the title report, SunTrust discovered that
19 Ms. Bitker's title was clouded. (Leifer Decl. ¶ 13.) On July 16, 2013, SunTrust mailed
20 a denial letter to plaintiffs based on clouded title. (Leifer Decl. ¶ 14, Ex. G.) On July
21 23, 2013, counsel for SunTrust informed plaintiffs' counsel's office that the title report
22 indicates the property has been transferred to a trust and it is no longer in the name of
23 Ms. Bitker. (Leifer Decl. ¶ 15.)  Counsel for SunTrust communicated to plaintiffs'
24 counsel's office that the property needs to be transferred back to Ms. Bitker
25 individually immediately and the loan modification review would continue. (Leifer
26 Decl. ¶ 15, Ex. H.)  On July 23, 2013, Ms. Janet Harris, Esq. (**Ms. Harris**) from
27 plaintiffs' counsel's office responded that they "understand [the] request and are on it."
28 (Leifer Decl. ¶ 16, Ex. I.)

On August 5, 2013, Ms. Harris informed SunTrust's counsel that the new deed, with the requested change, should be recorded shortly. (Leifer Decl. ¶ 17, Ex. J.) On August 9, 2013, Ms. Harris indicated that the deed would be available on Monday (August 12) and ready for recording. (Leifer Decl. ¶ 18, Ex. K.) On August 12, 2013, Babak Hashemi, Esq. (**Mr. Hashemi**) from plaintiffs' counsel's office informed counsel for SunTrust telephonically that Ms. Bitker refuses to transfer title back into her name for fear that the property would not be part of her estate upon her death. (Leifer Decl. ¶ 19.) Mr. Hashemi indicated that Ms. Bitker is afraid she might "die" in the immediate future. *Id.*

Due to Ms. Bitker's refusal to transfer the title out of the trust and into her name, individually, she was not able to provide evidence that she holds title individually. (Leifer Decl. ¶ 20.) Ms. Bitker refused to provide evidence of acceptable title as part of her loss mitigation revision package. (Leifer Decl. ¶ 21.) Consequently, SunTrust was forced to deny Ms. Bitker's most recent loan modification application. (Leifer Decl. ¶ 22, Ex. L.)

## IV. ARGUMENT

### A.   Plaintiffs Cannot Prove a Probability of Success on the Merits

Plaintiffs have failed to adequately demonstrate likelihood of success on the merits of any claim pleaded in their complaint. A preliminary injunction under Federal Rule of Civil Procedure 65 is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008). A plaintiff seeking an injunction must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 37¶; *see also Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009); *Sierra Forest Legacy v. Rey,* 577 F.3d 1015, 1021 (9th Cir. 2009). In addition, the party must do more than merely allege imminent harm sufficient to establish standing, he or she must

demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. *Associate Gen. Contractors v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991). This threat must be shown by probative evidence; conclusory affidavits are insufficient. *See K-2 Ski Co. v. Head Ski Co*. 467 F.2d 1087, 1088-89 (9th Cir. 1972); *Bell Atl. Bus. Sys., Inc. v. Storage Tech. Corp*., 1994 WL 125173, *3 (N.D. Cal. 1994).

Merely *alleging* such harm is insufficient. The moving party must *demonstrate* immediate threatened injury through the introduction of probative evidence. *Mandrigues v. Wachovia Mortgage*, 2009 WL 160213, at * 3 (N.D. Cal. Jan. 20, 2009). Probability of success on the merits must also be demonstrated, not merely alleged. To obtain interim injunctive relief, a plaintiff must submit probative evidence supporting the alleged claims. The plaintiff may not rely solely on the complaint's allegations. "Vague accusations of unfair lending and collection practices are insufficient to warrant injunctive relief." *Harrington v. Chase Home Finance, LLC*, 2008 WL 5135361, at *3 (S.D. Cal. 2008).

Finally, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter*, 129 S. Ct. at 376, *quoting Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987).

Plaintiffs' Application should be denied because they cannot demonstrate imminent harm. Even if they could, they cannot meet the factors set forth in *Winters* for obtaining a preliminary injunction. Based on the allegations of their complaint and SunTrust's most recent denial of Ms. Bitker's loan modification application and cancellation of the trustee's sale, plaintiffs cannot demonstrate a likelihood of success on the merits.

### 1) Defendants Did Not Violate HBOR

According to plaintiffs, defendants violated HBOR because they failed to evaluate plaintiffs for a foreclosure alternative given their "material change" in their

financial circumstances. (App. at 13.) The Court, in its March 29, 2013 order granting the TRO, found that "Plaintiff has provided documentation that there has been a material change in her financial circumstances since the date of the borrower's previous application, and such change has been documented and submitted to the mortgage servicer." (Dkt. No. at 3:22-25.) Given the Court's finding, SunTrust agreed to review Ms. Bitker's loan modification application for **the fourth time**. However, due to the existence of a cloud on Ms. Bitker's title, SunTrust was forced to deny the application. (Leifer Decl. ¶¶ 21 & 22.) On July 16, 2013, SunTrust sent a denial letter to Ms. Bitker specifying the reason for the denial as "Deed/titling issues outstanding." (Leifer Decl. ¶ 14.) Additionally, the denial letter indicated that Ms. Bitker's request was declined by the master servicer or investor, CitiMortgage, due to the outstanding title issues on the property. (Leifer Decl., Ex. G.) Despite this denial, SunTrust continued to work with Ms. Bitker's counsel in a good faith effort to resolve the outstanding title issue. (Leifer Decl. ¶¶ 15-19.) Counsel for SunTrust communicated to Ms. Bitker's counsel that Ms. Bitker needs to transfer the property out of the trust and into her name, as an individual. (Leifer Decl. ¶ 15.) Ms. Bitker refused to provide evidence of acceptable title as part of her loss mitigation revision package. (Leifer Decl. ¶ 21.)

California *Civil Code* §§ 2923.6(c) and 2924.18(a)(1) provide that a lender or its mortgage servicer may not record a notice of default or notice of sale or conduct a trustee's sale "[i]f a borrower submits a **complete** application for a first lien loan modification" (emphasis added). "[A]n application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with **all** documents **required** by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer" (emphasis added). *Civil Code* §§ 2923.6(h) and 2924.18(d). In this case, Ms. Bitker failed to provide a complete application with all documents required by SunTrust by August 12, 2013. Thus, plaintiffs' theory premised on SunTrust's HBOR violation fails.

### 2)   Plaintiffs Have Failed to Demonstrate Standing under HBOR

Publicly available recorded documents indicate that the title of the property is currently held by Karen S. Bitker, Successor Trustee of M.K. Living Trust Dated August 9, 1995. (RJN Ex. 2.) Plaintiff Karen S. Bitker is named as "borrower" on the 2006 deed of trust secured by the property in the amount of $626,250.00. (RJN Ex. 1.) Plaintiff Karen S. Bitker, Successor Trustee of M.K. Living Trust Dated August 9, 1995 is not a "borrower" on the 2006 deed of trust. *Id.* Instead, Ms. Bitker, without SunTrust's express authorization and knowledge, improperly transferred the title of the property, by recording a unauthorized grant deed, to Karen S. Bitker, Successor Trustee of M.K. Living Trust Dated August 9, 1995. (RJN Ex. 2.) California *Civil Code* section 2920.5 provides the definitions for the purpose of HBOR. *Civ. Code* § 2920.5. Under the statute, "'borrower' means any **natural person** who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer." *Civ. Code* § 2920.5(c)(1) (emphasis added). A natural person is "a human being, as distinguished from an artificial person created by law." BLACK'S LAW DICTIONARY 1162 (7th ed. 1999). Because the title of the property is held by Karen S. Bitker, Successor Trustee of M.K. Living Trust Dated August 9, 1995 and not by Karen S. Bitker (a natural person), plaintiffs have no standing to bring allegations for HBOR violations. This is because it is undisputed that Ms. Bitker does not hold title to the property.

### 3)   Plaintiffs' Request for Preliminary Injunction is Moot

"Plaintiffs…seek an order of this court to stop the sale of their home…." App. at 4. There is no longer a basis for the Application because the trustee's sale was cancelled and there is no sale to be stopped. (Leifer Decl. ¶ 23.) Additionally, plaintiffs' claims related to wrongful foreclosure fail absent a completed trustee's sale.

### B.   Plaintiffs Cannot Show Irreparable Harm

"Preliminary injunctive relief is available only if plaintiffs 'demonstrate that

{26104941;2}   7   CASE NO. 3:13-CV-00656-CAB WMC
**SUPPLEMENTAL BRIEF IN OPPOSITION TO PRELIMINARY INJUNCTION**

irreparable injury is likely in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting Winter, 129 S. Ct. At 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test). "Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009) (*overruled* on other grounds). "Economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award." *Id.* at 852. However, "intangible injuries, such as damage to...goodwill qualify as irreparable harm." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc*., 944 F.2d 597, 603 (9th Cir. 2001).

Some courts have flat-out rejected the claim that the foreclosure of a home constitutes irreparable harm. *Alcaraz v. Wachovia Mortgage FSB*, 592 F. Supp. 2d 1296, 1301-02 (E.D. Cal. 2009) (Judge O'Neill rejected the plaintiff's proposition that foreclosure of a home is a conclusively irreparable harm, instead noting only that "loss of a home is a serious injury" and went on to deny the requested preliminary injunctive relief.) *See also Avila-Martinez v. Wells Fargo Bank, N.A*., 2011 U.S. Dist. LEXIS 97750, 6-7 (E.D. Cal. Aug. 31, 2011).

Defendants cancelled the sale and there is no pending foreclosure sale on the property. (Leifer Decl. ¶ 23.) Plaintiffs' "claims directed at the foreclosure proceedings…[are]…rendered moot" by the cancellation of the sale. *Wooten v. Countrywide Home Loans, Inc.*, 11-cv-01791-MCE, 2012 WL 346460 (E.D. Cal. Feb. 1, 2012). A claim is rendered moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (quotation omitted). Here, defendants cancelled the trustee's sale on the property and the issue of a pending trustee's sale is now moot. (Leifer Decl. ¶ 23.) Plaintiffs fail to show any harm because there is no pending sale. Consequently, there is nothing for this Court to enjoin.

**C.   The Balance of Hardships Favors Defendants**

1    Notwithstanding the cancellation of the trustee's sale, which renders plaintiffs'
2    Application moot, the final two inquiries germane to an analysis of a preliminary
3    injunction request are whether the balance of equities tips in plaintiffs' favor and
4    whether the public will benefit from the proposed injunction.  These factors may be
5    viewed together.  *See Independent Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572
6    F.3d 644, 657-58 (9th Cir. 2009) (*overruled* on other grounds).  In the instant case, the
7    equities strongly favor SunTrust given Ms. Bitker has been able to avoid making
8    payments for years, SunTrust has been incurring damages, including lost rental value
9    and other loan-related fees, payment of property insurances and taxes, and loss of
10   earned interest.  More importantly, solely focusing on the harm to plaintiffs improperly
11   ignores the harm to defendants whose limited access to a depreciating asset while Ms.
12   Bitker retain possession rent-free is surely significant.  *See Alcaraz v. Wachovia*
13   *Mortgage FSB*, 592 F. Supp. 2d at 1305-06.  "It is hornbook law that one seeking
14   equity must do equity..."  *In re Beaty*, 306 F.3d 914, 925 (9th Cir. 2002) (internal
15   citation omitted).

     Prolonging a stay in a house without paying the loan arrearages is a windfall for
17   Ms. Bitker—it is not her legal or equitable right.  Additionally, it is not equitable for
18   Ms. Bitker to have received nearly half a million dollars in refinancing her property,
19   and then to continue living payment-free for nearly two years.  By contrast,
20   maintaining the status quo will cause SunTrust further financial distress and take away
21   from SunTrust's legal rights that it is entitled to pursue under California law.  The
22   balance of equities tips in SunTrust's favor, and plaintiffs' request for a preliminary
23   injunction fails for this additional reason.

24   **D.     Plaintiffs Have Not Alleged an Ability to Post a Bond**

25   Apart from the cancellation of the trustee's sale, which moots plaintiffs' request
26   for a preliminary injunction, plaintiffs' Application should also be denied because they
27   cannot post a bond, as is required by Fed. R. Civ. P. 65(c). Rule 65(c) states:
28        No restraining order or preliminary injunction shall issue except

**AKERMAN SENTERFITT LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

> upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Pursuant to this rule, any injunction would have to be accompanied by an undertaking that would compensate defendants for any losses incurred pending the resolution of plaintiffs' claims. Plaintiffs have not established that they are able to post any such bond. Indeed, plaintiffs have shown over the past year they are unable to meet their monthly payments and so it is doubtful that they could post the necessary bond required to issue an injunction. For this separate reason the Court should decline to issue a preliminary injunction in this case.

Nonetheless, if plaintiffs are granted the preliminary injunction, they should be required to reinstate the loan and tender all amounts due under the loan to defendants, which was $629,570.91 as of the notice of trustee's sale. In addition, plaintiffs should be required to tender each month to the Court the amount representing their monthly mortgage payment of $3,906.99 and an amount to compensate defendants for property taxes and insurance until resolution of the action or until the injunction is dissolved.

## V. CONCLUSION

A preliminary injunction is an extraordinary remedy that is not lightly granted. A moving party must demonstrate likelihood of success on the merits, in addition to meeting the other *Winter* factors required for such relief. For the foregoing reasons, defendants respectfully request the Court deny plaintiffs' Application for Preliminary Injunction.

Dated: September 6, 2013                           Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: *s/ Bryan M. Leifer*
    Bryan M. Leifer
    Katalina Baumann
Attorneys for Defendants
SUNTRUST MORTGAGE, INC. and
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE OF BAFC 2006-5